# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| ANTHONY J HEBERT | CASE NO. 2:21-CV-01052 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| H KENT AGUILLARD ET AL | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a "Motion to Strike" (Doc. 18) filed by Plaintiff, Anthony J. Hebert who moves to strike the First Supplemental and Amending Notice of Removal[1] from the record.

## INTRODUCTION

In his Petition for Damages, Anthony Hebert, an attorney, alleges the following: Defendant Laura A. Delouche, and her husband, Kenneth J. Delouche, were divorced in May 2018.[2] In 2019, Mr. Delouche filed for personal bankruptcy which was dismissed in October 2020.[3] Ms. Delouche retained Defendants, H. Kent Aguillard and Caleb K. Aguillard (collectively referred to as the "Aguillards") to represent her creditor interest in the bankruptcy proceedings.

During Mr. Delouche's personal bankruptcy proceedings, Defendants, the Aguillards and Ms. Delouche, stated both in writing and orally that Mr. Delouche was defrauding the bankruptcy court by hiding or concealing assets and income from the court.

---

[1] Doc. 14.
[2] Petition for Damages, ¶ 4, Doc. 1-1.
[3] Id. ¶ 5.

Defendants also made statements to the bankruptcy court that Mr. Delouche and Mr. Hebert (Plaintiff in this case and Mr. Delouche's law partner) had conspired to conceal income from the bankruptcy court and had joint bank accounts that were being used to conceal monies from the bankruptcy court.[4]

Mr. Hebert alleges that Defendants are liable for all damages resulting from their negligent and/or intentionally tortious, malicious, and/or reckless statements which were targeted to ruin the professional reputation and busines of Mr. Hebert to gain litigation advantages for themselves against Mr. Delouche.[5]

## PROCEDURAL HISTORY

Plaintiff originally filed this suit in state court on March 3, 2021.[6] On April 21, 2021, the suit was removed by Defendants H. Kent Aguillard and Caleb K. Aguillard to this Court.[7] On May 12, 2021, Hebert filed a Motion to Remand.[8] On May 27, 2021, Defendants filed a First Amended and Supplemental Notice of Removal ("Amended Notice"),[9] without leave of court to amend and added new substantive grounds for removal, specifically that Defendant Laura Allison Delouche had filed for Chapter 7 bankruptcy on April 23, 2021; Defendants maintain that Delouche's bankruptcy filing provides new and additional subject matter jurisdiction for this Court.

---

[4] Id. ¶¶ 7 and 8.
[5] Id ¶ 9.
[6] *Anthony J. Hebert v H. Kent Aguillard, Caleb K. Aguillard, and Laura A. Delouche,* Civil docket No. 2021-811, Fourteenth Judicial District Court, Calcasieu Parish.
[7] The suit was initially removed to Bankruptcy court, but it was subsequently determined that it should have been removed to the District Court.
[8] Doc. 5.
[9] Doc. 14.

# LAW AND ANALYSIS

Mr. Hebert moves to strike the amended Notice because (1) Defendants failed to seek leave of court to file the Amended Notice, (2) the Amended notice seeks to add substantive jurisdictional facts that did not exist until almost 60 days after the original suit was filed and over a month after Defendants' original removal notice/petition, (3) Ms. Delouche's chapter 7 filing is irrelevant to this Court's determination of whether it possessed subject matter jurisdiction as of the time of removal—April 21, 2021.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Defendants based their Notice of Removal on 28 USC § 1452(2) which provides as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax court of a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334].

Under 28 U.S.C. § 1334(a) the district court has original and exclusive jurisdiction over all cases under Title 11. Under § 1334(b) the district courts have original but not exclusive jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. Thus, § 1334 provides jurisdiction in four types of matters: (1) cases under Title 11; (2) civil proceedings arising under title 11; (3) civil proceedings arising in cases under Title 11; and (4) civil proceedings related to cases under Title 11.

Defendants also rely on Federal Rule of Bankruptcy Proceeding 9027. *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC,* 541 B.R. 337, 350-51 (M.D. La. 2015) citing *In re Matter of Wood,* 825 F.2d 90, 92 (5th Cir. 1987). Consequently, Defendants posit that this Court has jurisdiction over this matter as it arises in and relates to two separate proceedings in bankruptcy; *In re Kenneth Jay Delouche*, United States Bankruptcy Court, Case No. 19-20337 and *In re Laura Allison Delouche,* United States Bankruptcy Court, Case No. 21-50238.

Defendants argue that Plaintiff's petition seeks damages against them which gives rise to a claim against Ms. Delouche's debtor's estate, directly affects the administration of that estate. The Aguillards also argue that they are debtors of Ms. Delouche and are entitled to recover from her estate. Thus, Defendants maintain that one cannot resolve one matter without affecting the outcome or administration of the other, and these matters must be heard together by a court having jurisdiction over each of these issues.

Alternatively, Defendants move for leave of court to file their Amended Notice based on the inextricably intertwined claims against the Aguillards and Ms. Delouche and each of the parties to the present actions as creditors of Ms. Delouche's debtor's estate.

As noted by Mr. Hebert, Defendants fail to address Mr. Hebert's arguments (1) that subject matter jurisdiction is determined at the time of removal and subsequent events will neither create nor diminish whatever subject matter jurisdiction that may or may not have existed at the time, (2) any amendment to supplement the removal petition requires leave of Court when filed beyond 30 days of the service/notice of the original complaint, and (3)

no amendment is allowed to assert wholly new jurisdictional facts that did not exist at the time of the original removal.

Mr. Hebert also notes that he had filed a motion to dismiss Ms. Delouche from the state court defamation action which would in effect destroy any possible bankruptcy jurisdiction.[10] The Court agrees with Plaintiff that Defendant's Amended Notice of Removal was untimely, and without leave of court. The Court further agrees that removal is determined when the Notice of Removal is filed, and federal jurisdiction cannot be created by amendment. Accordingly,

**IT IS ORDERED** that the Motion to Strike is hereby **GRANTED** and the First Supplemental and Amended Notice of Removal (Doc. 14) filed by Caleb K. Aguillard and H. Kent Aguillard is to be STRICKEN from the record.

**THUS DONE AND SIGNED** in Chambers on this 9th day of July, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] Doc. 15. (The Court has not ruled on Mr. Hebert's Motion to Dismiss Ms. Delouche as there is currently a Motion to Remand being considered by the Magistrate Judge).