UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY J HEBERT** | **CASE NO. 2:21-CV-01052** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **H KENT AGUILLARD ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is an "Appeal of Magistrate Judge's Minute Entry Staying Consideration of Jurisdictional Issues and Denial of Leave" [Doc. 35]. Plaintiff appeals the Minute Entries entered by the Magistrate Judge stating that the Motion to Remand cannot be considered until the Bankruptcy Court's automatic stay has been lifted. Plaintiff asserts that the bankruptcy filing and automatic stay will not prevent this court from deciding its own jurisdiction and remanding the case to state court. For the following reasons the appeal will be granted, and this Court will also address the "Motion to Remand" [Doc. 5].

## BACKGROUND

Plaintiff filed a personal injury suit on or about March 3, 2021 in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana for defamation resulting from statements made by Defendants H. Kent Aguillard, Caleb K. Aguillard, and Laura Allison

DeLouche ("LAD") against Plaintiff's character during the dismissed bankruptcy proceeding of Kenneth Jay DeLouche.[1]

The suit was removed to this court on April 21, 2021 by defendants H. Kent Aguillard and Caleb K. Aguillard ("the Aguillards") alleging bankruptcy jurisdiction under Mr. DeLouche's previously dismissed bankruptcy.[2] On April 23, 2021, after the lawsuit was removed to this Court, LAD filed for chapter 7 bankruptcy. On May 12, 2021, Plaintiff filed a Motion to Remand.[3]

Numerous other motions have been filed in this proceeding including a Motion for More Definite Statement,[4] a Voluntary Motion to Dismiss Laura A. DeLouche,[5] and an Article 971 Motion to Strike Petition for Damages by Defendants Caleb Aguillard and H. Ken Aguillard,[6] in addition to a Suggestion of Bankruptcy.[7]

On May 27, 2021, the Aguillards filed a First Amended and Supplemental Notice of Removal[8] in which they attempted to add as an additional post-removal ground of removal, LAD's bankruptcy. On June 9, 2021 Plaintiff filed a Motion to Strike the First Amended and Supplemental Notice of Removal.[9] On July 9, 2021, this Court issued a Memorandum Order granting Plaintiff's Motion to Strike and ordered that the First

---

[1] Doc. 35.
[2] *Id.*
[3] Doc. 5.
[4] Doc. 8.
[5] Doc. 15.
[6] Doc. 23.
[7] Doc. 13.
[8] Doc. 14.
[9] Doc. 18.

Supplemental and Amended Notice of Removal be stricken from the record.[10] Plaintiff now argues that as a result of that ruling, LAD's bankruptcy has no substantive bearing on this Court's consideration of Plaintiff's Motion to Remand.

## LAW & APPLICATION

### A. Appeal of Magistrate Judge's Minute Entry

Federal Rule of Civil Procedure Rule 72(a) provides that a District Court may modify or set aside any portion of a Magistrate Judge's order of a non-dispositive matter only if the District Court finds the order to be clearly erroneous or contrary to law.

Plaintiff argues that the Magistrate Judge committed clear error because she denied Plaintiff's Motion to Amend Minute Entry and Request for Ruling on Motion to Remand [Doc. 27] based on the assertion that this Court has no ability to remand until the stay has been lifted.

Plaintiff argues that jurisprudence holds that an automatic stay does not prevent the jurisdictional assessment presented by a motion to remand. Plaintiff cites *Verges v. Verges*, No. 03-3533, 2004 WL 1375304 at *3 (E.D. La. June 17, 2004) and *Turbine Powered Tech, L.L.C. v. Crowe*, No. 19-cv-00475 WL 4054093 at *6 (W.D. La. Aug. 12, 2019) (Mag. Rep & Rec.), which addresses the issue of "whether the Court has the power to decide a motion to remand while the bankruptcy automatic stay is in effect. The weight of authority holds that it does." Plaintiff further clarifies that jurisprudence has held that "a remand does not

---

[10] Doc. 26.

put either party 'in a better or worse position, legally or financially, than the position [they] occupied at the time of removal." *Turbine Powered Tech, L.L.C* 19-cv-00475 citing *Hudgens v. Deer Valley Home Builders, Inc.* 2009 WL 2878052, at *2(W.D. La. Sept 4, 2009). Ultimately, "a remand simply sends the case back to the proper court, which can facilitate the most judicially efficient resolution to the dispute. *Id.*

The Court is persuaded by the jurisprudence cited by Plaintiff and agrees that the Magistrate Judge erroneously denied Plaintiff's Motion to Amend Minute Entry and Request for Ruling on Motion to Remand [Doc. 27]. The existence of the bankruptcy automatic stay does not preclude this Court from deciding a motion to remand because "a remand is not an adjudication on the merits, it does not jeopardize or infringe on a debtor's 'breathing space' or threaten to deplete the estate against the interests of other creditors, and therefore is consistent with the purposes of a stay." *Id.* at 7. Accordingly, the Court will grant the "Appeal of Magistrate Judge's Minute Entry Staying Consideration of Jurisdictional Issues and Denial of Leave" [Doc. 35] and will also address the motion to remand.

### B. Motion to Remand

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one

over which the federal court possesses subject matter jurisdiction. However, the removing party bears the burden of showing that this jurisdiction exists and that removal was procedurally correct. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In making its determination the court considers the claims as they existed at the time of removal and construes ambiguities in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiff asserts that since Mr. DeLouche's bankruptcy proceeding has been dismissed, the basis for removal does not exist and this case must be remanded to state court. In sum, Plaintiff argues that this Court should not exert "related to" jurisdiction when the underlying bankruptcy has been dismissed. Plaintiff cites *In re Querner*, 7 F.3d 1199 (5th Cir. 1993) which states:

> As a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings. . . the general rule favors dismissal because the court's jurisdiction over the related proceedings depends upon the nexus between the underlying bankruptcy case and the related proceedings.

The Court agrees with the case law that the Plaintiff has presented. Defendants argue that jurisdiction exists based on LAD's subsequent filing of bankruptcy however, this is an assertion of new grounds for this Court's jurisdiction that did not exist at the time of removal [Doc. 16]. Accordingly, there is no basis for subject matter jurisdiction that existed after the dismissal of Mr. DeLouche's bankruptcy proceeding; therefore, the motion for remand will be granted.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Appeal of Magistrate Judge's Minute Entry [Doc. 35] is hereby **GRANTED** and the ELECTRONIC MINUTE ENTRY [Entry 27] is hereby **SET ASIDE**.

**IT IS FURTHER ORDERED** that the Motion to Remand [Doc. 5] is hereby **GRANTED,** and Motion for Attorney's Fees [ Doc. 5] is **DENIED.** This matter is **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

**THUS DONE AND SIGNED** in Chambers on this 27th day of October, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE